MEMORANDUM **
Pablo Estrada Iniguez (“Estrada”), a native and citizen of Mexico, seeks cancellation of removal on the ground that removal would be an “exceptional and extremely unusual hardship.” 8 U.S.C. *719 § 1229b(b)(l)(D). We remand for further proceedings.
The Immigration Judge (IJ) indicated that he found removal to be an exceptional and extremely unusual hardship for Estrada’s citizen family members, but declined relief because he found that Estrada was a “smuggler” under 8 U.S.C. § 1182(a)(6)(E)(i). He thus lacked “good moral character,” making him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(l)(B). See 8 U.S.C. § 1101(f)(3). On appeal, the Board of Immigration Appeals (BIA) agreed that Estrada lacked “good moral character.” Estrada now seeks review of the BIA’s decision, arguing that substantial evidence does not support the agency’s decision. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and “review for substantial evidence a finding of statutory ineligibility ... based on a lack of good moral character.” Ramos v. INS, 246 F.3d 1264, 1266 (9th Cir.2001).
To qualify as a “smuggler,” Estrada must have “knowingly .... encouraged, induced, assisted, abetted or aided” the unlawful entry of Francisco, his Mexican citizen brother, into the United States. 8 U.S.C. § 1182(a)(6)(E)(i) (emphasis added). The only evidence that is more than supposition in the entire record is Estrada’s statement that he lent money to his brother upon his brother’s request for money to come to this country. But when asked what Francisco did with the money Estrada lent him, Estrada answered, “Well, he asked me if I could lend him money for him to come to this country, so I don’t know.” Estrada said, in explicit and unmistakable language — “I don’t know”— that he lacked knowledge of how Francisco would use the money to come to the United States. Because the IJ never found Estrada incredible, it was simply contrary to the evidence to find that the element of knowledge was satisfied.
There is no evidence that Estrada knew Francisco would enter or try to enter the country illegally. There has been no showing that Estrada knew Francisco would not obtain, let alone not try to obtain, proper documentation before his entry. When asked what he understood at the time of the loan, Estrada’s testimony showed that he did not know that Francisco would enter the country illegally, and at the time could only speculate. The brothers never spoke about how Francisco would enter.[1]
Substantial evidence does not support the finding that Estrada is a “smuggler” under 8 U.S.C. § 1182(a)(6)(E)(i), and therefore lacks “good moral character” under 8 U.S.C. § 1101(f)(3). Because the IJ concluded that Estrada established the requisite hardship under 8 U.S.C. § 1229b(b)(l)(D), and because the government did not challenge this determination before the BIA, this issue shall be deemed conclusively established. Cf. Tokatly v. Ashcroft, 371 F.3d 613, 618 (9th Cir.2004). We grant the petition and remand for the agency to determine whether Estrada has satisfied the remaining eligibility requirements for cancellation of removal, and, if so, to exercise its discretion on whether to grant this relief.
PETITION GRANTED; REMANDED.
WALTER, Senior District Judge,

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Although it does not affect our decision, we note that there is no evidence that Francisco actually used Estrada’s money rather than his own to travel to and enter this country.